UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VASILY GLADKY,

        Plaintiff,

   v.                                   25-CV-444-LJV
                                                ORDER

MARINA WARD et al.,

        Defendants.
_____

The pro se plaintiff, Vasily Gladky, has filed a complaint asserting claims under 42 U.S.C. § 1983, Docket Item 1, and has moved to proceed in forma pauperis—that is, without paying costs, Docket Item 2. In his complaint, Gladky says that he is the subject of a neglect petition and alleges that several defendants, including his spouse and the court-assigned attorney, have conspired to deprive him of custody of his children. *See* Docket Item 1. He also has filed two emergency motions seeking to stay proceedings currently before the Erie County Family Court, including a trial that is scheduled to begin tomorrow, May 28, 2025. *See* Docket Items 3 and 4.

Because Gladky meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, the Court grants his motion to proceed in forma pauperis. But for the reasons that follow, the Court denies Gladky's emergency motions. The Court will screen his complaint under 28 U.S.C. § 1915(e)(2) in due course.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court endorsed "a strong federal policy against federal[]court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State*

*Bar Ass'n*, 457 U.S. 423, 431 (1982).  Under *Younger,* "district courts should abstain from exercising jurisdiction" in state court matters that involve "(1) 'ongoing state criminal prosecutions,' (2) 'certain civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'"  *Falco v. Justs. of Matrim. Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).  "[B]efore invoking *Younger*[,] a federal court" may "consider... [w]hether there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges."  *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022) (quoting *Sprint*, 571 U.S. at 81 (alterations, citation, and internal quotation marks omitted)).

Gladky's two motions asking the Court to intervene in the Erie County Family Court proceedings are precisely the type of requests that are barred by *Younger*.  As the Second Circuit has noted, "the way that New York courts manage their own divorce and custody proceedings" is "a subject in which the state[] ha[s] an especially strong interest."  *Falco*, 805 F.3d at 427-28 (citation and internal quotation marks omitted); *see also Skillings v. City of New York*, 2023 WL 8531493, at *5 (E.D.N.Y. Jan. 19, 2023) (noting that "[c]ourts in this Circuit routinely apply *Younger* abstention and dismiss claims seeking relief that, if granted, would undermine an ongoing state court custody proceeding").  In fact, the Court must abstain from interfering with such proceedings absent a showing of "bad faith, harassment[,] or any other unusual circumstance that would call for equitable relief."  *See Lowell v. Vermont Dep't of Child & Fams.*, 835 F.

App'x 637, 639 (2d Cir. 2020) (citation and internal quotation marks omitted) (summary order).

Gladky has not made that showing here.  He does say that he has been the subject of "coordinated retaliation" by the defendants, Docket Item 1 at 5, but nothing Gladky alleges suggests that the Erie County Family Court proceedings were initiated with "no reasonable expectation of a favorable outcome."  *Lowell*, 835 F. App'x at 638-39 (*Younger* abstention appropriate where state agency "had brought a proceeding against plaintiffs seeking to investigate and determine whether to substantiate a report of child abuse or neglect" and plaintiffs sought to stop subsequent administrative hearing).  Moreover, it is unclear how staying the Erie County Family Court would remedy some of the events Gladky complains about, such as his alleged assault in April 2025.  *See* Docket Item 1 at 4.

## **CONCLUSION**

This Court recognizes that custody proceedings are among the most emotional and bitterly litigated matters in state courts.  But because those matters are entrusted to the state—not federal—courts, federal courts cannot interfere in them without some evidence of "bad faith, harassment[,]" or some "other unusual circumstance."  And Gladky's allegations in the complaint, without more, do not rise to that level.  Gladky's motions to stay the Erie County Family Court proceedings, Docket Items 3 and 4, therefore are DENIED.

SO ORDERED.

Dated:  May 27, 2025
        Buffalo, New York

                                            _/s/ Lawrence J. Vilardo_
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE